UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-246-RJC
(3:07-cr-218-RJC-1)

| | |
|---|---|
| JIMMY BRICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion to Set Aside Judgment Pursuant to Fed. R. Civ. P. 60(b)(5) and 60(b)(6)." (Doc. No. 4).

I. BACKGROUND AND DISCUSSION

On February 12, 2008, a jury convicted pro se Petitioner Jimmy Brice on one count of bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count One); one count of armed bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(d) and 2 (Count Two); one count of possessing and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (Count Four). (Crim. Case No. 3:07-cr-00218, Doc. No. 35: Jury Verdict). This Court sentenced Petitioner on Counts One, Two, and Four to concurrent terms of 180 months of imprisonment, and to a consecutive term of 300 months of imprisonment on Count Three, for a total term of 480 months of imprisonment. (Id., Doc. No. 50: Judgment). Petitioner's judgment was affirmed in all

1

respects on appeal in a per curiam opinion.  See United States v. Brice, 369 F. App'x 416 (4th Cir. 2010) (unpublished).  Petitioner did not petition the Supreme Court for a writ of certiorari.

On July 15, 2014, Petitioner filed a Section 2255 motion to vacate, which this Court dismissed with prejudice as time-barred on October 2, 2015.  (Id., Doc. Nos. 1; 4: Civil No. 3:14cv390).  On around May 17, 2016, Petitioner filed the underlying motion to vacate, seeking sentencing relief under Johnson v. United States, 135 S. Ct. 2551 (2015).  On May 23, 2016, this Court entered an order dismissing the motion to vacate as an unauthorized successive petition.  (Doc. No. 2).  On October 13, 2017, the Fourth Circuit Court of Appeals entered an order denying Petitioner's motion to file a successive petition to raise his Johnson claim.  (Crim. Case No. 3:07-cr-218-RJC-1, Doc. No. 81).  Notwithstanding that the Fourth Circuit denied the motion to file a successive petition, Petitioner argues that this Court should, nevertheless, address his Johnson claim.  Because the Court has no authority to address the merits of an unauthorized successive petition, Petitioner's motion is denied.

## II. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's Rule 60 motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's "Motion to Set Aside Judgment Pursuant to Fed. R. Civ. P. 60(b)(5) and 60(b)(6)," (Doc. No. 4), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of

2

the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).  Petitioner has failed to make the required showing.

Signed: December 14, 2018

Robert J. Conrad, Jr.
United States District Judge